UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA CHRISTINE,

    Plaintiff                                Case No.:  8:21-cv-01792

Vs.

DOLLAR TREE STORES, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JUIRY TRIAL

Plaintiff, TINA CRISTINE, hereinafter ("Ms. Christine" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, DOLLAR TREE STORES, INC. (hereinafter "Dollar Tree" or "Defendant"), and states:

## JURISDICTION AND VENUE

1. This is a civil action by Plaintiff against her former employer for monetary damages, declaratory relief and for other equitable relief pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to this claim occurred in this district.

## PARTIES

4. The Plaintiff, Tina Christine, is a sixty-one-year-old white female resident of Hillsborough County.

5. The Defendant, Dollar Tree Stores, Inc., is a Foreign Profit Corporation principally located at 500 Volvo Parkway, Chesapeake Virginia 23320.

6. At all times relating to these allegations, Plaintiff worked at various Dollar Tree stores located in Hillsborough County.

## ADMINISTRATIVE PREREQUISITES

7. Ms. Christine has satisfied all prerequisites necessary to bring this cause of action.

## STATEMENT OF FACTS

8. In January 2019, Ms. Christine was hired to work as a part time associate at store number 4365 located at State Road 84 in Fort Lauderdale, Florida. The General Manager at that store recommended that Ms. Christine apply to be an Assistant Manager because of her strong performance and experience in retail.

9. In May 2019, Ms. Christine moved to Tampa and transferred to store number 3921 located at 17657 Dale Mabry Highway, Lutz, Florida 33548, in Hillsborough County.

10. At the Lutz store, Ms. Christine worked under General Manager Payton Probst (male in his early twenty's) and District Manager Charla Hooper.

11. Mr. Probst repeatedly mocked Ms. Christine and belittled her because of her age. Mr. Probst made jokes with employees about Ms. Christine's age, asking if certain toys were popular in the thirties when Ms. Christine was a child. Additionally, Mr. Probst told coworkers that he did not want Ms. Christine to follow him when making deposit runs because she may rear-end him due to her "old eyes."

12. In November 2019, a position opened for Assistant Manager at the Lutz store where Ms. Christine worked.

13. Mr. Probst told Ms. Christine she would not get the position because she was too old.

14. On December 11, 2019, Ms. Christine reported Mr. Probst's comments to Velma Murphy in HR.

15. Shortly, thereafter, an HR rep visited Ms. Christine's store to speak with Mr. Probst about her complaint.

16. Following the visit from HR, District Manager Charla Hooper scolded Ms. Christine for reporting Mr. Probst to HR.

17. Mr. Probst then retaliated by cutting Ms. Christine's hours from over thirty hours a week to less than ten hours the following week. During the week of

Christmas, Ms. Christine's hours increased due to her availability but dropped back to less than ten then once the Holiday Season was over.

18. After the holidays, Mr. Probst filled the Assistant Manager position with someone who was much younger and less qualified than Ms. Christine. Moreover, Mr. Probst believed that Ms. Christine's disability (he knew she had undergone back surgery) and age precluded her from the Assistant Manager position because the position sometimes includes unloading the truck in the mornings. Ms. Christine knew that Lynn Weiss (Assistant Manager) did not always unload the trucks on days they came on her shift. Ms. Weiss was not able to lift very heavy items without assistance. Ms. Christine offered to unload the truck, but Mr. Probst would not allow her to do so.

19. Ms. Christine was forced to transfer to store number 4855 located at 8851 North Florida Ave, Tampa Florida 33604 in Hillsborough County because her hours were cut by Mr. Probst in retaliation for her complaint to HR.

20. Then, when Ms. Christine applied for an Assistant Manager position at the new store (store number 1942 located at 2750 West Hillsborough Avenue, Tampa, Florida 33612, in Hillsborough County), Ms. Hopper blocked Ms. Christine from obtaining the position in retaliation for her complaints to HR about Mr. Probst.

21. In November 2020, Ms. Christine transferred to a Dollar Tree store closer to her home. The store number is 8051 located at 11616 North Nebraska Avenue Tampa, Florida 33612, in Hillsborough County.

22. In April 2021, Shenita West (African American female) became the Assistant Manager at Store number 8051.

23. On April 9, 2021, Ms. Christine was in the stock room breaking down a display. Ms. West was in the same room also breaking down boxes. Ms. Christine made a remark about the quality of the display she was breaking down stating, "[the vender's display] is so stupid, why would anyone do it like this?" Ms. West responded, "It was probably a white person."

24. Later that day, Ms. Christine was helping a cashier (who was African American) carry out a "split/tender" between cash and charge card. The cashier accidentally entered the second transaction as cash which required Ms. West to come from the back to fix it with the postvoid override code. When Ms. Christine explained the situation to Ms. West, Ms. West blamed Ms. Christine and scolded her for making a mistake when it was the cashier who had made the mistake. When Ms. Christine asked to see the receipt, which would confirm her description of the events that led to the mistake, Ms. West became enraged and sent her home.

25. On April 10, 2021, Ms. Christine reported both events that occurred the day prior to the temporary manager Rachel (last name unknown). When Manager

5

John Hoskins (white-male) returned in late April, Ms. Christine reported the April 9th events to him. Ms. Christine told Mr. Hoskins that she believed Ms. West was discriminating against her because of her race.

26. In May 2021, an Assistant Manager position became available at the store where Ms. Christine worked, store number 8051. Ms. Christine applied for the position shortly thereafter.

27. On June 2021, Ms. Christine asked Mr. Hoskins if she would receive the Assistant Manager position. Mr. Hoskins told Ms. Christine that she would not be getting the promotion to Assistant Manager because of the issues she had had with Ms. West.

28. The position was filled by a less qualified African American employee with less experience than Ms. Christine.

29. Plaintiff has incurred costs and attorney's fees in bringing this matter.

### COUNT I

**VIOLATION OF ADEA
AGE DISCRIMINATION**

30. Plaintiff re-alleges and incorporates paragraphs one through nineteen and paragraph 29 herein.

31. As an individual who is over forty years of age, Ms. Christine is a member of a protected class under the ADEA.

32. Defendant is considered an "employer" within the meaning of the ADEA.

33. Plaintiff was subjected to disparate treatment based on her age.

34. Defendant's actions were willful and done with malice.

35. General Manger, Payton Probst, continually made comments about Ms. Christine's age when she worked at his store. He would say things like, "did they have toys like this in the thirties when you were alive," and told coworkers that he did not want Ms. Christine to follow him when making deposit runs because she may rear-end him due to her old eyes.

36. Mr. Probst refused to promote Ms. Christine to Assistant Manager stating that she was "too old." Ms. Christine notified Dollar Tree's HR and filed a report. After HR spoke with Mr. Probst, he cut Ms. Christine's hours in retaliation of her report.

37. Mr. Probst hired a much younger and less qualified candidate to fill the Assistant Manager position.

38. Ms. Christine eventually transferred to another store because of Mr. Probst's retaliation for reporting him to HR for age discrimination.

39. Defendant knew or should have known of the age discrimination and failed to take prompt remedial action.

40. Defendant is liable for the discrimination alleged herein. These actions all adversely affect the terms and conditions of Plaintiff's employment in violation of the ADEA.

41. As a direct and proximate result of Defendant's unlawful discrimination. Ms. Christine has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, among many other damages for which she is entitle to compensation.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant, Dollar Tree;

B. Awarding Plaintiff compensatory damages against Defendant, Dollar Tree;

C. Awarding Plaintiff liquidated damages in an amount equal to Plaintiff's total damages;

D. Awarding reasonable attorney's fees and costs incurred in this action; and

E. Any such other and further relief as this Court deems just and equitable.

## COUNT II

## VIOLATION OF THE ADA
## DISABILITY DISCRIMINATION

42. Plaintiff re-alleges and incorporates paragraphs one through twenty and paragraph twenty-nine herein.

43. The ADA makes it unlawful to discriminate against employees for a disability or perceived disability.

44. Ms. Christine has had back surgery causing her to become tired when lifting heavy objects. Mr. Probst believed that Ms. Christine would not be able to perform the duties of Assistant Manager due to his perception of her disability. However, Ms. Christine told Mr. Probst that she was able to unload the truck (one of the responsibilities of the Assistant Manager), but Mr. Probst refused to let her.

45. Additionally, Ms. Christine knew of another Assistant Manager (Ms. Weiss) who was unable to load the trucks on their shift.

46. Defendant knew or should have known about the discrimination alleged herein.

47. Defendant is liable for the discrimination alleged herein. These actions all adversely affect the terms and conditions of Plaintiff's employment in violation of the ADA.

48. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered loss of employment compensation, privileges

and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's actions.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant, Dollar Tree;

B. Awarding Plaintiff compensatory damages against Defendant, Dollar Tree;

C. Awarding reasonable attorney's fees and costs incurred in this action pursuant to 42 U.S.C. § 12205;

D. Any such other and further relief as this Court deems just and equitable.

## COUNT III

### VIOLATION OF § 1981
### RACE DISCRIMINATION

49. Plaintiff re-alleges and incorporates paragraphs one through seven and paragraphs twenty-one through twenty-nine herein.

50. Plaintiff is a white female.

51. Plaintiff is a member of protected class under Section 1981 on the basis of her race.

52. Plaintiff was subject to disparate treatment by Defendant, based solely on Plaintiff's race.

53. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

54. When Ms. Christine worked at store number 8051 located on North Nebraska Avenue, she was subject to discrimination on the basis of her race.

55. Ms. West was the Assistant Manager at the store. Ms. West had multiple verbal altercations with Ms. Christine. In these altercations, Ms. West made remarks about Ms. Christine's race and threatened to falsely accuse her of using racial slurs at work. Ms. West also placed blame on Ms. Christine for mistakes that Ms. Christine did not make. Ms. West nitpicked Ms. Christine's performance. In one conversation, Ms. West threatened to punch Ms. Christine.

56. Ms. West did not treat the African American employees the same way that she treated Ms. Christine.

57. Ms. Christine reported these events to Temporary Manger Rachel (last name unknown) and later to Manager Josh Hoskins. No remedial action was taken by Defendant after Ms. Christine made this report to management.

58. Ms. Christine attempted to apply for an Assistant Manager position, however, Mr. Hoskins told Ms. Christine that she would not get the promotion because of the issues she had with Ms. West.

59. Defendant is liable for the discrimination alleged herein.

60. As a direct and proximate result of Defendant's unlawful discrimination. Ms. Christine has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, among many other damages for which she is entitle to compensation.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant, Dollar Tree;

B. Awarding Plaintiff compensatory damages against Defendant, Dollar Tree;

C. Awarding reasonable attorney's fees and costs incurred in this action;

D. Any such other and further relief as this Court deems just and equitable.

## COUNT IV

### VIOLATION OF THE ADEA
### RETALIATION

61. Plaintiff alleges and incorporates paragraphs one through twenty and paragraph twenty-nine herein.

62. The ADEA makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in protected activity.

63. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

64. Ms. Christine engaged in protected activity under the ADEA by reporting Mr. Probst for discriminating against her because of her age.

65. Once Ms. Christine reported Mr. Probst, he retaliated against her by cutting her hours. Ms. Christine was forced to transfer to a new store because of this retaliation.

66. When Ms. Hooper found out that Ms. Christine reported Mr. Probst, she retaliated against Ms. Christine by preventing her from attaining promotion at different stores in the district.

67. Defendant is liable for retaliation alleged herein. These actions all adversely affect the terms and conditions of Plaintiff's employment in violation of the ADEA.

68.     As a direct and proximate result of Defendant's unlawful retaliation. Ms. Christine has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, among many other damages for which she is entitle to compensation.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A.     Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant, Dollar Tree;

B.     Awarding Plaintiff compensatory damages against Defendant, Dollar Tree;

C.     Awarding Plaintiff liquidated damages in an amount equal to Plaintiff's total damages;

D.     Awarding reasonable attorney's fees and costs incurred in this action;

E.     Any such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury.

Dated this 23rd day of July 2021.

/s/ *Gary L. Printy Jr., Esq*
**Gary L. Printy, Jr**
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**

14

3411 W. Fletcher Ave., Suite A
Tampa, Florida 33618
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Attorney for Plaintiff Tina Christine*